UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TY'RELLE LEE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-319 |
| | ) | (VARLAN/GUYTON) |
| CITY OF KNOXVILLE, TENNESSEE, | ) | |
| DAVID B. RAUSCH, Police Chief for the | ) | |
| Knoxville Police Department, | ) | |
| THOMAS A. THURMAN, Individually and | ) | |
| in his official capacity as an officer for the | ) | |
| Knoxville Police Department, and | ) | |
| FRED KIMBER, Individually and | ) | |
| in his official capacity as an officer for the | ) | |
| Knoxville Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Dismiss [Doc. 3] filed by defendant David B. Rausch ("Rausch"). Defendant moves the Court to dismiss all the claims against him set forth in the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not file a response, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(c), 7.2. After considering the arguments of the defendant and the relevant law, the Court will grant the motion.

## I. Background[1]

Plaintiff Ty'relle Lee Harris commenced this action in the Circuit Court for Knox County, Tennessee on or about June 15, 2012 [Doc. 1-1], asserting claims under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§ 29-20-101 et seq., and the Fourteenth Amendment of the United States Constitution [*Id.* ¶ 7]. Defendants removed the case to this Court on or about July 6, 2012, pursuant to 28 U.S.C. § 1331 [Doc. 1].

Plaintiff alleges that, during the early morning hours of June 17, 2011, sometime between 2:48 a.m. and 2:50 a.m., plaintiff was walking behind the businesses near Cumberland Avenue and 19th Street in Knoxville, Tennessee, and was struck by a vehicle owned and/or operated by David C. Wilder ("Wilder") [*Id.* ¶ 8]. Wilder allegedly fled the scene, but was stopped and arrested by the Knox County Sheriff's Department around 4:32 a.m. the same day [*Id.*]. Plaintiff avers that the collision caused plaintiff to sustain severe and disabling injuries, namely to his right leg and left foot [*Id.*].

According to plaintiff, "[a] few moments prior to the collision," defendants Thomas A. Thurman ("Thurman") and Fred Kimber ("Kimber"), officers with the Knoxville Police Department, performed a traffic stop involving Wilder [*Id.* ¶ 9]. Allegedly, Kimber saw Wilder cutting through parking lots and pulled him over around 2:48 a.m.; Kimber smelled alcohol coming from the vehicle and observed that Wilder had

---

[1] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint" (citations omitted)).

Case 3:12-cv-00319 Document 9 Filed 09/24/12 Page 2 of 6 PageID #: 49

blood shot eyes and a large can of beer in the center console of the vehicle [*Id*. ¶ 10]. Kimber gave Wilder a verbal warning about cruising on Cumberland Avenue, advised Wilder to park and walk, and then released him [*Id*.]. According to plaintiff, Thurman was present during the stop [*Id*.].

Plaintiff claims Kimber and Thurman had a reasonable suspicion or probable cause to ask Wilder for a sobriety test, but they neglected to do one [*Id*. ¶¶ 11–12]. Plaintiff asserts had one been performed, the collision between Wilder and plaintiff would have been prevented [*Id*.]. Plaintiff further claims that the City of Knoxville and the Knoxville Police Department have a policy of "proactive policing and crime prevention," which Kimber and Thurman violated in not performing a field sobriety test on Wilder when he was stopped at 2:48 a.m. [*Id*. ¶¶ 14–16].

In response to the complaint, defendant Rausch filed the instant motion to dismiss [Doc. 3]. Rausch asserts that plaintiff has not alleged liability against him in his individual capacity and that plaintiff's claims against him in his official capacity are redundant of those asserted against defendant the City of Knoxville [*Id*.]. He further asserts that plaintiff's TGTLA claims against him are barred by the statute [*Id*.].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it

3

rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

### III. Analysis

Rausch argues that plaintiff does not specifically allege that Rausch is liable in his official capacity, and that a claim against a government official should not be construed as such unless the claim for individual liability is clearly and definitely set forth in the pleading [Doc. 4]. After reviewing the complaint, and noting in particular that plaintiff

4

sued Thurman and Kimber in their individual capacities, the Court agrees and declines to construe the complaint as asserting a constitutional claim against Rausch in his individual capacity. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199–1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 n.8 (W.D. Tenn. 1994).

In addition, to the extent that plaintiff makes a claim against Rausch in his individual capacity under the TGTLA, it must be dismissed. The TGTLA provides that "[n]o claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for health care liability brought against a health care practitioner."[2] Tenn. Code Ann. § 29-20-310(b). In other words, if the TGTLA waives immunity for a government entity in regard to a certain type of claim, its employees are absolutely immune from suit in their individual capacities as to that claim. Upon its review of the complaint, the Court finds plaintiff's TGTLA claim is based on negligence [*see* Doc. 1-1 ¶¶ 16, 20–24], and immunity has been removed for negligent acts of governmental entities, *see* Tenn. Code Ann. § 29-20-205.

With respect to any claims against Rausch in his official capacity, those claims must also be dismissed. Pursuant to federal law, a claim against an individual government official, like Rausch, the Police Chief for the Knoxville Police Department,

---

[2] This case does not involve any claims for health care liability.

5

is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166; *see also Spoper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id*. (emphasis in original). Likewise, under Tennessee law, a claim against a government official in his official capacity is construed as a claim against the government entity itself. *See Greenhill v. Carpenter*, 718 S.W.2d 268, 271 (Tenn. Ct. App. 1996) (citing *Cox v. State*, 399 S.W.2d 776, 778 (Tenn. 1965)). Because there are no allegations against Rausch other than those that are directed against defendant the City of Knoxville [*see*, *e.g.*, Doc. 1-1 ¶¶ 3, 5, 6, 14], and because the City of Knoxville is a party to this action, precedent dictates that the claims made against Rausch in his official capacity must be dismissed.

**IV. Conclusion**

Accordingly, for the reasons explained herein, the Motion to Dismiss [Doc. 3] will be **GRANTED**. Defendant David B. Rausch will be **DISMISSED** as a party to this action.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

6

Case 3:12-cv-00319   Document 9   Filed 09/24/12   Page 6 of 6   PageID #: 53